IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESUS M. LOPEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-cv-01216 |
| ) | |
| BARBARA M. STRONG, *alias* BARBARA LOPEZ, ) | Judge Sharp |
| JANET SHEHATA, Officially and Individually, ) | |
| FIRST CALL INCORPORATED, Officially, ) | |
| SUN TRUST BANK, Officially, and ) | |
| TENNESSEE FARMERS MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Jesus M. Lopez is a state prisoner presently incarcerated in Navasota, Texas. He has filed a complaint (ECF No. 1) against defendants Barbara M. Strong, *alias* Barbara Lopez, Janet Shehata, First Call Incorporated, SunTrust Bank, and Tennessee Farmers Mutual Insurance Company (ECF No. 1). This complaint is, for all practical purposes, identical to a complaint filed by the same plaintiff in this Court earlier this year, except the prior complaint sought to recover damages under theories of fraud and violation of the plaintiff's constitutional rights, while the present complaint asserts jurisdiction on the basis of diversity and attempts to make out the elements of a claim for breach of contract. Because the plaintiff proceeds *in forma pauperis*, his complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915(e)(2).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must dismiss a civil complaint filed *in forma pauperis* if it fails to state a claim upon which relief can be granted. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915(e)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In his complaint, the plaintiff alleges that, while he was incarcerated in Texas, his house in Nashville burned, causing damage to the plaintiff's property. The plaintiff gave defendant Barbara Strong power of attorney to act on his behalf solely for purposes of inquiring about recovering insurance proceeds due to him as a result of the fire. Presumably as a result of Strong's efforts, defendant Tennessee Farmers Mutual Insurance Company issued a check to defendant First Call Incorporated and to the plaintiff on August 27, 2009 in the amount of $95,745.35. First Call then issued a check to the plaintiff on September 10, 2009 in the amount of $79,949. Copies of both these checks are attached to the complaint. (ECF No. 1-2, at 2, 4.) The plaintiff alleges that First Call "illegally" gave the check to Barbara Strong "[i]n breach of contract, without legal authority." (ECF No. 1, at 4.) The plaintiff further alleges that Barbara Strong, going by the name Barbara Lopez, used fraud to obtain access to the plaintiff's SunTrust bank account, "with the knowledge of Tennessee Farmers Mutual Insurance Company" (*id.*), and converted the insurance proceeds to her own use. He claims that Janet Shehata, an employee of SunTrust Bank, tried to "cover up" the illegal access to the plaintiff's account. (*Id.*)

Construed very liberally, the complaint seems to be alleging that SunTrust Bank issued funds to Barbara Strong in violation of the plaintiff's deposit agreement with SunTrust, because Barbara Strong was not authorized by the plaintiff to access his bank account at SunTrust. Among other exhibits attached to the complaint is a letter that the plaintiff describes as "showing in good faith" that he tried to have his son "obtain control of the money in his account" (ECF No. 1-2, at 20–21), in order to prevent Barbara Strong from having further access to the funds. This exhibit is a power of attorney for the plaintiff's son dated October 1, 2009. By that time, however, Strong had already withdrawn funds from the plaintiff's account. The exhibits also include a letter from the Janet Shehata with SunTrust Bank, asking him to sign and notarize a new signature card for his bank account to reflect "the correct name for Barbara M Strong

AKA Barbara Lopez." (ECF No. 1-2, at 17.) The plaintiff apparently did not sign this signature card and maintains he did not authorize Barbara Lopez to be a co-signer on this account.

In Mr. Lopez's previous lawsuit, the Court found that the plaintiff failed to state viable claims based on these facts under § 1983 or any other federal law, and further that his fraud claims against Barbara Lopez and the other defendants were barred by the applicable statutes of limitations. He now seeks to bring suit for breach of contract, which under Tennessee law is subject to a six-year statute of limitations. Tenn. Code Ann. § 28-3-109(3). He invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332, as the action appears to be between citizens of different states and the matter in controversy exceeds the value of $75,000.

As noted above, the Court must construe the plaintiff's allegations liberally and assume, at this stage in the proceedings, that his factual allegations are true. Even viewed very indulgently, however, the complaint cannot be construed to state a cause of action for breach of contract against Barbara Strong, because the plaintiff does not allege that he was in a contractual relationship with Strong. Instead, the plaintiff's allegations suggest that Strong engaged in fraud or theft and that she potentially breached a fiduciary duty to act in the plaintiff's best interests through a power of attorney to inquire about obtaining insurance coverage for the fire. The statute of limitations for breach of fiduciary duty in Tennessee is three years. Tenn. Code Ann. § 28-3-105. *See Mike v. Po Group, Inc.*, 937 S.W.3d 790, (Tenn. 1996) (holding that breach of fiduciary duty is a property tort governed by the limitations period in Tenn. Code Ann. § 28-3-105). The events about which the plaintiff complains occurred in 2009, more than three years ago. The Court finds that the plaintiff fails to state a breach-of-contract claim against Strong for which relief can be granted at this juncture.

Nor does he state a claim for breach of contract against Janet Shehata individually. The plaintiff does not allege that he was in a contractual relationship with Shehata, who was apparently employed by SunTrust Bank. He does, however, allege that he was in a contractual relationship with SunTrust Bank, and that SunTrust violated the terms of his agreement with SunTrust by releasing funds to a person he did not authorize to access his account. The Court finds, solely for purposes of the initial review, that the plaintiff states a colorable breach-of-contract claim against SunTrust Bank.

The plaintiff finds that the plaintiff has failed to state a claim against First Call Incorporated or Tennessee Farmers Mutual Insurance Company. The plaintiff appears to claim that he was party to an insurance contract with one or both of these entities, but he does not allege that either breached the agreement. Rather, it is clear from the plaintiff's allegations in the complaint and the exhibits attached thereto that funds were issued to the plaintiff to cover an insured loss, in accordance with the terms of the insurance contract(s). The exhibits attached to the complaint show that Tennessee Farmers Mutual Insurance Company issued a check in the amount of $95,745.35 to Jesus M. Lopez and First Call, and that First Call issued a check to the plaintiff in the amount of $79,949.21. The plaintiff does not indicate how Tennessee Farmers breached any duty or obligation to him as a factual matter. Instead, he simply states in a wholly conclusory fashion that Tennessee Farmers is "responsible, for allowing the illegal access to the funds without the authority of Jesus M. Lopez." (ECF No. 1, at 4.) With respect to First Call, the plaintiff claims the check from First Call was illegally "given" to Strong, but he does not suggest that First Call violated the terms of its contract with him by releasing the check to Strong. Further, in fact, the power of attorney the plaintiff vested in Strong gave her apparent authority to "deal with insurance on" the property where the fire occurred. (ECF No. 1-1, at 2.) The Court therefore finds that the complaint fails to state a breach-of-contract claim against Tennessee Farmers Mutual Insurance Company or First Call, and the claims against these defendants will therefore be dismissed.

For the reasons set forth herein, an order will enter dismissing the claims against all defendants named in this action except for SunTrust Bank. The claims against SunTrust will, at this stage in the proceedings, be permitted to proceed.

*Kevin H. Sharp*
Kevin H. Sharp
United States District Judge