```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

JESUS M. LOPEZ,                  )
                                 )
        Plaintiff                )
                                 )      No. 3:13-1216
v.                               )      Judge Sharp/Brown
                                 )      **Jury Demand**
BARBARA MARTIN STRONG alias      )
Barbara Lopez, *et al.*,         )
                                 )
        Defendants               )

## **O R D E R**

The Plaintiff has filed a motion to appoint counsel (Docket Entry 24), and a motion for a translator (Docket Entry 29). These motions are **DENIED**.

Although the Plaintiff indicates that he has difficulty preparing legal pleadings, the record in this case shows that he has filed a substantial number, for example, Docket Entries 14, 15, 20, 24. The pleadings are easily readable and present the Plaintiff's arguments in a straightforward fashion. To the extent he has difficulties in obtaining legal materials, that can be remedied by allowing him additional time to respond to various matters upon his filing a motion for such relief.

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services,* 452 U.S. 18, 25 (1981). Therefore, unlike criminal proceedings, there is no constitutional right to

appointed counsel in a civil action. *Willett v. Wells*, 469 F.Supp. 748, 751 (E.D. Tenn. 1977).

The appointment of counsel for a civil litigant is a matter within the discretion of the District Court and will only occur under exceptional circumstances. *Lavado v. Kechane*, 992 F.2d 601 (6th Cir. 1993). In this instance, no such circumstances exist.

The Plaintiff has not shown exceptional circumstances in this case. Unfortunately, the lack of a full law library is not unique with prisoners filing civil litigation. Likewise, a limited command of English is not unique and it appears from the pleadings that the Plaintiff does have the assistance of someone with a basic understanding of legal procedures and pleadings.

The motion to dismiss does not appear to raise complicated issues of banking law, but rather a straightforward issue of the application of either a three-year or six-year statute of limitations. If there is a three-year statute of limitations the Plaintiff's claims appear to be barred and subject to dismissal. If a longer six-year statute of limitations applies, then the case would properly proceed beyond the initial motion to dismiss.

Although the Magistrate Judge gave the Plaintiff an extension of time until February 10, 2014, to respond to the motion to dismiss (Docket Entry 16),the Plaintiff has not responded by that date, but instead waited until February 6, 2014, to request appointment of counsel.

The Magistrate Judge will give the Plaintiff the benefit of the doubt that by filing the motion to appoint counsel he thought he would secure additional time to respond. The Plaintiff may have until **February 28, 2014,** to file a response to the motion to dismiss. The Plaintiff is cautioned that failure to file a response may result in the Magistrate Judge recommending that the motion be granted.

Unlike criminal cases where an interpreter would be required, there is no authority to pay for an interpreter for a party in a civil litigation. Likewise, there is no authority to order the Texas prison system to transport the Plaintiff to Nashville for a hearing or for trial. The Magistrate Judge can conduct a hearing by telephone, but an actual trial would not be practicable.

The Plaintiff is directed to advise the Court what his expected release date is.

The **Clerk** will send the Plaintiff a copy of the court's local rules. Plaintiff should read Local Rule 7.01 and 56.01.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge