IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| Jesus M. Lopez, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cv. No. 3:13-cv-1216 |
| | ) | District Judge Sharp |
| Barbara M. Strong, alias Barbara Lopez; | ) | Magistrate Judge Brown |
| Janet Shehata, officially and individually; | ) | |
| First Call Incorporated, officially; Suntrust | ) | |
| Bank, officially; and Tennessee Farmers | ) | |
| Mutual Insurance Company, et al | ) | |
| | ) | |
| Defendants. | ) | |

**To the Honorable District Judge Kevin H. Sharp**

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is Defendant's Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Docket Entry ("DE") 9) As explained in detail below, the Magistrate Judge recommends that Plaintiff's claims be **DISMISSED**.

### I. INTRODUCTION AND BACKGROUND

Plaintiff, Jesus M. Lopez, ("Plaintiff") is currently in the care of the Texas Department of Criminal Justice in Navosota, Texas. (Complaint, DE 1, p. 2) Plaintiff owns a home located in Nashville, Tennessee, which was damaged by fire on May 23, 2009. (Complaint, DE 1, pp. 1-2) Plaintiff signed a limited power of attorney conferring upon defendant Barbara Strong the authority "[t]o deal with insurance on [Plaintiff's home] only." (Exh. 1 to Complaint, DE 1-1, p. 1) On August 27, 2009, defendant Tennessee Farmers Mutual Insurance Company issued a check in the amount of $95,745.35 jointly to defendant First Call and Plaintiff. (Exhibit 2 to

Complaint (Exh. 2), DE 1-2, p. 4) Barbara M. Lopez indorsed the check to First Call by signing Plaintiff's name and appending "by Barbara M. Strong P.O.A." (Exh. 2 at p. 4)

On September 10, 2009, First call drafted a check in the amount of $79,949.21 to Plaintiff (Exh. 2 at p. 2) and those funds ultimately were deposited into Plaintiff's checking account, #xxxx3673, held by defendant SunTrust Bank ("SunTrust"). (Complaint at p. 4) On October 1, 2009, Plaintiff executed a power of attorney to his son Jesus Lopez "to withdraw $79,949.21 from [his] SunTrust Bank Account #xxxx3673, effective immediately, and" to deposit those funds into two separate SunTrust Accounts. (Exh. 2 at p. 21) This authorization also stated that "Barbara Strong goes by the name of Barbara Lopez." (Exh. 2 at p. 21).

On October 21, 2009, Barbara Lopez withdrew $3,000.00 from Plaintiff's account by a counter withdrawal ticket which she signed "Barbara Strong aka Barbara Lopez." (Exh. 2 at p. 13) On October 23, 2009, SunTrust honored a $3000.00 check made payable to Jesus Lopez. (Exh. 2 at p. 12) The check was drawn on Plaintiff's account which is held in the name of Jesus Lopez or Barbara Lopez, and was signed by Barbara Lopez. (Exh. 2 at p. 12) On that same day, SunTrust issued a cashier's check to Barbara Lopez aka Barbara Strong, which, according to Plaintiff, was debited from his SunTrust bank account #xxxx3673. (Exh. 2 at p. 6)

Also on October 23, 2009, SunTrust sent Plaintiff a request for correction to his account's signature card. (Exh. 2 at p. 17) Although the original signature card included Plaintiff's name and that of Barbara Lopez, homemaker (Exh. 2 at p. 10), SunTrust requested that Plaintiff include Barbara Strong on the signature card as an individual authorized to draw on the account. (Exh. 2 at p. 19) Although Plaintiff never signed the new signature card containing Barbara Strong's name, the signature card indicates that it was revised as of October 21, 2009, to reflect that Ms. Strong was authorized to draw on the account. (Exh. 2 at p. 19)

Plaintiff filed the instant action on November 14, 2013, alleging breach of contract against all defendants. (DE 1) Plaintiff's application to proceed *in forma pauperis* was granted on November 4, 2013, and the Court concluded its initial review on November 7, 2013. (DE 2) In the initial review, the District Court found that the only colorable claim asserted by Plaintiff was against SunTrust for breach of the depositor's contract in allowing access to Plaintiff's account to an unauthorized individual. (DE 3) As such, the District Judge dismissed Plaintiff's claims against Barbara Strong, aka Barbara Lopez, First Call, Janet Shehata, and Farmers Mutual Insurance of Tennessee. (DE 3)

Upon order of the District Judge, Plaintiff's case was referred to the Magistrate Judge for "management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Despite the issuance of process, the Magistrate Judge may *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2)." (DE 4)

On December 12, 2013, SunTrust moved the court for dismissal of Plaintiff's claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (DE 9) Plaintiff filed response to the instant motion on February 14, 2014. (DE 34)

This matter is properly before the Court.

## II. ANALYSIS

Although SunTrust never specifically argues that Plaintiff's complaint is subject to dismissal under the doctrine of *res judicata*, it is clear from SunTrust's motion that the principle of *res judicata* applies. As SunTrust asserts, "[o]n February 11, 2013, Plaintiff filed a complaint virtually identical to the present complaint, except that it sought to recover damages under

theories of fraud and violation of Plaintiff's constitutional rights." (Defendant's Memorandum in Support of its Motion to Dismiss ("Motion"), DE 10, p. 2) Further, as SunTrust points out, the claims presented here are directly related to the claims from the prior case for "the alleged conversion that took place in 2009." (Motion at p. 3)

"'A final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were *or could have been* raised in that action.'" *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (quoting *Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394, 298 (1981) (emphasis in the original)). Under the doctrine of *res judicata*, subsequent actions are barred where: 1) a court of competent jurisdiction has rendered a final decision in a prior suit; 2) the prior suit was between the same parties, or their privies, as the subsequent suit; and 3) the claims brought in the subsequent suit either were or could have been pursued in the prior suit. *Id.* (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

As SunTrust asserts, on February 11, 2013, Plaintiff brought claims of discrimination, violation of equal protections, and bank fraud against the same defendant's he has named here (*see Lopez v. Barbara Martin Strong et al*, No. 3:13-cv-0115, DE 1). In its initial review of the prior suit mandated by 28 U.S.C. § 1915, the District Court found that Plaintiff's claims were barred by the three year statute of limitations contained within the Tennessee Uniform Commercial Code, Tenn. Code Ann. § 47-4-111. (*See Lopez v. Barbara Strong Martin et al.*, No. 3:13-cv-0115, DE 3, p. 4). Thus, the Court dismissed Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(iii) for failure to state a claim. (*Id.*) The prior dismissal "constitutes an adjudication on the merits for purposes of *res judicata*." *Burton v. Cleveland Ohio Empowerment Zone*, 102 Fed. Appx 461, 463 (6th Cir. 2004) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)).

## III.  CONCLUSION

The Magistrate Judge finds that Plaintiff's current claims could have been brought in a prior action that was subject to a final ruling on the merits for *res judicata* purposes.  As such, those claims here are frivolous—lacking a basis in law or fact—as anticipated by 28 U.S.C. § 1915(e)(2).

## IV.  RECOMMENDATION

Having found that Plaintiff's claims are barred by the principles of *res judicata*, the undersigned recommends Plaintiff's case be **DISMISSED with prejudice** for failure to state a claim and considered a "strike" under 28 U.S.C. 1915(g).  Further, The Magistrate Judge recommends that the order adopting this R&R constitute the **FINAL JUDGMENT** in this action and any appeal **NOT** be certified in good faith under 28 U.S.C. § 1915(a)(3).

The parties have fourteen (14) days of being served with a copy of this Review and Recommendation to serve and file written objections to the findings and recommendation proposed herein.  A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections within fourteen (14) days of receipt of this Review and Recommendation may constitute a waiver of further appeal.  *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012) (citing *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111 (1986)).

**ENTERED** this 13th day of May, 2014.

/s/Joe B. Brown
Joe B. Brown
Magistrate Judge