IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESUS M. LOPEZ, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-cv-01216 |
| ) | |
| SUN TRUST BANK, Officially, ) | Chief Judge Sharp |
| ) | |
|    Defendant. ) | |

## MEMORANDUM OPINION

Before the Court are plaintiff Jesus M. Lopez's objections to Magistrate Judge Joe Brown's recommendation that the complaint be dismissed as barred by the doctrine of *res judicata*. Based on the plaintiff's objections, the Court has considered *de novo* the defendant's motion to dismiss in light of the plaintiff's arguments in opposition both to the defendant's and to the Report and Recommendation ("R&R"). For the reasons set forth herein, the Court will overrule the plaintiff's objections, grant the defendant's motion to dismiss, and dismiss this action prejudice. All other pending motions will be denied as moot.

**I.      Procedural and Factual Background**

Lopez is a state prisoner presently incarcerated in Navasota, Texas. He filed his complaint (ECF No. 1) originally against defendants Barbara M. Strong, *alias* Barbara Lopez, Janet Shehata, First Call Incorporated, SunTrust Bank ("SunTrust"), and Tennessee Farmers Mutual Insurance Company (ECF No. 1). The Court granted the plaintiff's application to proceed *in forma pauperis* and, on initial review, dismissed the claims against all defendants except SunTrust.

In his complaint, the plaintiff alleges that he owns a home located in Nashville, Tennessee that was damaged by a fire on May 23, 2009 (Compl., ECF No. 1, at 1–2). The plaintiff alleges that he signed a limited power of attorney conferring upon defendant Barbara Strong, also known as Barbara Lopez, the authority "[t]o inquire about obtaining insurance on [the plaintiff's home]." (Compl. Ex. A, ECF No. 1-1, at 2.) On August 27, 2009, defendant Tennessee Farmers Mutual Insurance Company issued a check in the amount of $95,745.35 jointly to defendant First Call and to the plaintiff. (Compl. Ex. C, ECF No. 1-2, at 4.)

Barbara Strong endorsed the check to First Call by signing the plaintiff's name and appending: "by Barbara M. Strong P.O.A." (*Id.*)

On September 10, 2009, First Call drafted a check in the amount of $79,949.21 to the plaintiff (Compl. Ex. B, ECF No. 1-2, at 2), and those funds were deposited into the plaintiff's checking account, account no. xxxx3673, held by defendant SunTrust.

That account is held in the name of Jesus Lopez or Barbara Lopez. (Compl. Ex. F, ECF No. 1-2, at 10.) On October 23, 2009, SunTrust sent the plaintiff a letter notifying him that it had updated the account with "the correct name for Barbara M Strong AKA Barbara Lopez," and requesting that the plaintiff sign and notarize the enclosed updated signature card for the account. (Compl. Exs. I & J, ECF No. 1-2, at 17, 19.) Although the plaintiff never signed the new signature card containing Barbara Strong's name, the signature card indicates that it was revised as of October 21, 2009 to reflect that Ms. Strong was authorized to draw on the account. (Ex. J, ECF No. 1-2, at 19.)

On October 1, 2009, the plaintiff executed a power of attorney to his son Jesus Lopez authorizing him to "withdraw $79,949.21 from [his] SunTrust Bank Account # xxx3673, effective immediately" and to deposit the funds into different accounts held only in the plaintiff's name. (Compl. Ex. K, ECF No. 1-2, at 21.) There is no indication in the record regarding whether the plaintiff's son acted on that authorization.

On October 21, 2009, SunTrust issued a cashier's check in the amount of $30,000.00 made out to "Barbara Lopez AKA Barbara Strong," which the plaintiff indicates was debited from account no. xxxx3673. (Compl. Ex. D, ECF No. 1-2, at 6.) On the same day, Barbara Lopez withdrew $3,000.00 from the account by a counter withdrawal ticket which she signed "Barbara Strong aka Barbara Lopez." (Compl. Ex. G, ECF No. 1-2, at 13.) On October 23, 2009, SunTrust honored a $3,000.00 check made payable to Jesus Lopez that was drawn on the same account, signed by Barbara Lopez. (Compl. Ex. G, ECF No. 1-2, at 12.)

The plaintiff filed this action on November 14, 2013, alleging breach of contract against all defendants. The Court granted the plaintiff's application to proceed *in forma pauperis* and conducted an initial screening of the complaint pursuant to the Prison Litigation Reform Act. In conducting this review, the Court found, for purposes of the initial screening only, that the complaint stated a colorable claim against defendant SunTrust for breach of contract that did not appear to be barred by Tennessee's

statute of limitations that pertains to "actions on contracts not otherwise expressly provided for," Tenn. Code Ann. § 28-3-109(a)(3). The Court directed service of process upon defendant SunTrust but dismissed the claims against all other defendants.

In response to the complaint, SunTrust promptly filed a motion to dismiss and supporting memorandum of law (ECF Nos. 9 & 10), asserting that the alleged contract in this case is "otherwise provided for" in the three-year statute of limitations found at Tenn. Code Ann. § 47-4-111, and that plaintiff's claim against it is barred by that statute. The plaintiff filed a response in opposition to the motion and a motion for a hearing (ECF Nos. 34, 38). Magistrate Judge Brown issued an R&R in which he recommended that the complaint be dismissed on the ground that the claim asserted therein is barred by the doctrine of *res judicata* (ECF No. 46).

The magistrate judge's recommendation is based upon the fact that, as recognized in this Court's initial review, the complaint in this action is "for all practical purposes, identical to a complaint filed by the same plaintiff in this Court [in February 2013], except the prior complaint sought to recover damages under theories of fraud and violation of the plaintiff's constitutional rights, while the present complaint asserts jurisdiction on the basis of diversity and attempts to make out the elements of a claim for breach of contract." (ECF No. 3, at 1, referring to *Lopez v. Strong* (the "Prior Action"), 3:13-cv-0115 (M.D. Tenn. Feb. 13, 2013) (order of dismissal for failure to state a claim).)

The plaintiff filed objections to the R&R (ECF No. 49) and subsequently, with the Court's permission, filed a supplemental memorandum titled "Written Objection to the Memorandum of Law in Support of Sun Trust Bank's Motion to Dismiss" (ECF No. 59). SunTrust filed a response to those objections (ECF No. 60)

Thereafter, the plaintiff filed his own motion for summary judgment and motion for an order compelling discovery. The defendant has filed a motion to ascertain the status of the case and a response in opposition to the plaintiff's motion for summary judgment.

**II.    Standard of Review**

When a magistrate judge recommends the disposition of a motion to dismiss, the district judge must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(B). *See also* Fed. R. Civ. P. 72(b)

("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). An objection is "properly" made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

### III. The Plaintiff's Objections

The plaintiff makes the following objections to the magistrate judge's R&R:

(1) that the plaintiff did not consent to the magistrate judge's hearing dispositive motions, without which the magistrate judge has no statutory authority to rule on dispositive motions;

(2) that the defendant's motion to dismiss is not timely, and the plaintiff's motion for default should therefore be granted;

(3) that the Court decided in a "final order" that the applicable statute of limitations is of six years' duration, Tenn. Code Ann. § 28-3-109(a)(3), such that SunTrust's argument that the three-year limitations period prescribed by Tenn. Code Ann. § 47-4-111 is barred by the doctrine of *res judicata*;

(4) that the magistrate judge failed to give the plaintiff an opportunity to amend the complaint prior to dismissal;

(5) that the magistrate judge's recommendation that the complaint be dismissed without a hearing offends principles of due process; and

(6) that it is not clear from the order dismissing the Prior Action whether the dismissal was with prejudice or without prejudice, and the plaintiff should have been granted leave to amend his complaint in the Prior Action prior to dismissal.

(ECF Nos. 49, 59.)

### IV. Discussion

The defendant does not respond to most of the plaintiff's objections, characterizing them as frivolous and in any event superseded by the plaintiff's supplemental objections. The Court disagrees. While they are without merit, the plaintiff's objections are not patently frivolous, nor did the plaintiff express intent to abandon them. The Court addresses each objection below, based upon a *de novo* review of the record.

**(1)     The Magistrate Judge's Authority**

The plaintiff is correct that 28 U.S.C. § 636(b)(1)(A) does not authorize a district judge to designate a magistrate judge to hear and issue a final ruling on any dispositive motion, including a motion to dismiss for failure to state a claim. Under 28 U.S.C. § 636(b)(1)(B), however, a magistrate judge may be designated to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)," including motions to dismiss. Under such circumstances, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the magistrate judge

> must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense. . . . The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact.

Fed. R. Civ. P. 72(b)(1). Thereafter, of course, either party has fourteen days within which to submit objections to the magistrate judge's recommendation, and "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The Court has followed the prescribed procedure in this case. In the initial order, the Court designated the magistrate judge to, among other things, recommend disposition of any pretrial motions under 28 U.S.C. § 626(b)(1)(B). In accordance with that designation, the magistrate judge issued a recommendation that the defendant's motion to dismiss be granted on alternative grounds than those propounded by the defendant; the plaintiff properly filed objections to the magistrate judge's recommendation, which are now before the Court for consideration.

The plaintiff's objection that the magistrate judge lacks statutory authority to issue a report and recommendation as to the resolution of the defendant's motion to dismiss is without merit.

**(2)     Timeliness of Motion to Dismiss**

The Court's initial order directing the Clerk to issue service of process upon defendant SunTrust was docketed on November 7, 2013 (ECF No. 4). The Clerk issued the Summons on November 12, 2013 (ECF No. 6) and the Summons was returned as executed upon SunTrust on November 21, 2013 (ECF No. 8). On its face, the summons states:

> Within 21 days after service of this summons on you (not counting the day you received it) . . . you must serve on the plaintiff an answer to the attached complaint or a

>motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney . . . .

(ECF No. 6.) Thereafter, SunTrust filed its motion to dismiss on December 12, 2013, exactly 21 days following its receipt of the summons. Affixed to the motion filed in this Court was a certificate of service indicating that the defendant served the motion on the plaintiff via first-class mail. (ECF No. 9, at 2.) However, as the magistrate judge recognized, the address the defendant used for the plaintiff was incorrect. The defendant thereafter resent the motion to the plaintiff via UPS overnight delivery, with tracking. There is no dispute that the plaintiff was served with a copy of the motion no later than January 14, 2014, and he subsequently filed his response in opposition thereto.

After being served with the motion, albeit belatedly, the plaintiff filed a request for entry of default and a motion for default judgment (ECF Nos. 26, 28) on the basis that the defendant failed to serve an answer or motion to dismiss on him within 21 days of its receipt of the summons. He later filed an Amended Motion for Default (ECF No. 39). The Clerk of Court construed these filings as requests for entry of default under Rule 55(a) of the Federal Rules of Civil Procedure. (ECF Nos. 30, 41.)

The denial was appropriate, first, because the defendant was not actually in default. It filed its motion to dismiss within 21 days of service of the complaint. Although there was some delay before the plaintiff actually received a copy of that motion, there is no dispute that the plaintiff eventually received the motion and was granted several extensions of time for responding to it. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has *failed to plead or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (emphasis added)).

Moreover, even if the Court assumes that the defendant was in default as a result of not effectively serving the motion to dismiss upon the plaintiff in a timely fashion and further assumes that the late service on the plaintiff did not cure the default, such that the Clerk should have entered a default under Rule 55(a), the plaintiff has not demonstrated that the defendant's conduct justifies striking the motion to dismiss and entering default *judgment* in the plaintiff's favor under Rule 55(b). Default judgment is disfavored because of a "strong preference for trials on the merits." *Shepard Claims Serv., Inc. v. William Darah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). The Sixth Circuit cautions: "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter*

*Co., Inc. v. Seaboard Coastline RR*., 705 F.2d 839, 845 (6th Cir. 1983). This is not an extreme case. There is no indication in the record either that the defendant acted in bad faith by intentionally mis-addressing the motion that was mailed to the plaintiff, that the defendant did not act promptly to cure its oversight, or that the plaintiff was in any way prejudiced by the delay in service of the motion.

In sum, the plaintiff is not entitled to entry of default or default judgment against the defendant, and the delay in effecting service of the defendant's motion to dismiss upon the plaintiff, standing alone, does not warrant denial of that motion. This argument too is without merit.

### (3) The Applicable Statute of Limitations

The plaintiff argues, essentially, that the Court's initial screening order is a "final order" in this case and that the Court's initial finding that Tenn. Code Ann. § 28-3-109 applied to the plaintiff's breach-of-contract claim is binding upon all subsequent proceedings. To the contrary, the initial order was just that: an initial order allowing the case to go forward on the grounds that it stated a cognizable cause of action. It was not the final judgment in this case. An interim order is "subject to revision, reconsideration, rescission, correction, amendment, adjustment, vacation, substitution, supersedure, modification, annulment, or any other status change, by the trial court, in the exercise of its sound discretion, at any time prior to the entry of final judgment." *United States v. Reid*, 357 F.3d 574, 580 (6th Cir. 2004) (citations omitted).

Moreover, as the Court clearly stated in the initial order, the finding that the plaintiff's breach-of-contract claim against SunTrust Bank was not barred by the statute of limitations was "solely for purposes of the initial review." (ECF No. 3, at 4.) The Court further noted that, "[d]espite the issuance of process, the Magistrate Judge may *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2)." (ECF No. 4, at 3.)

The Court now finds that its initial conclusion that the plaintiff's breach-of-contract claim might not be barred by the statute of limitations was in error, and the defendant is clearly correct that the three-year limitation period in Tennessee's Uniform Commercial Code that specifically governs "bank deposits and collections," *see* Tenn. Code Ann. § 47-4-101, applies in this case. Tenn. Code Ann. § 47-4-111. *See C-Wood Lumber Co. v. Wayne Cnty. Bank*, 233 S.W.3d 263, 281 (Tenn. Ct. App. 2007) (holding that when transactions at issue are within its scope, a plaintiff's available remedies are governed by the UCC). In *C-*

*Wood Lumber*, the corporate plaintiff brought claims against the bank based on the bank's failure to prevent the plaintiff's employee from endorsing and depositing into her personal account checks that were made out to the plaintiff. The court noted that the parties had difficulty defining precisely the plaintiff's claims against the defendant bank, whether negligence, conversion, or other. The court ultimately concluded that, regardless of how the claims were characterized, they fell squarely within the scope of Articles 3 and 4 of the UCC, such that the "claims against the bank and the scope of the remedies available to [the plaintiff] are governed solely by the UCC." *Id.* at 281–82. The court concluded that the three-year statute of limitations then found in Tenn. Code Ann. § 47-3-118(g), which was expressly applicable to claims "for conversion of an instrument, for money had and received, or like action based on conversion," barred the plaintiff's claims in that case, rather than the three-year statute of limitations in Tenn. Code Ann. § 47-4-111 (applying to UCC breach-of-contract) or § 28-3-105 (applying to common-law conversion claims), or the one-year statute of limitations in § 47-4-406(f) (applying to customers' obligation to review bank statements and report unauthorized transactions).

*C-Wood* is instructive in this case simply because it establishes that, regardless of how the plaintiff's claim or claims against the bank are characterized, the longest possible statute of limitations is three years. The events giving rise to the plaintiff's claims occurred in October 2009, but he did not file suit until November 2013, more than four years later. The claims are therefore clearly barred by whichever statute of limitations is applicable.

**(4)      Amendment of the Complaint**

The plaintiff insists that a motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief (ECF No. 34, at 4 (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)), and that a plaintiff with an "arguable" claim should be allowed to amend his complaint to avoid dismissal. (*Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 329 (1989)).) The plaintiff asks that, if the Court finds "legal deficiencies" in his complaint, he be permitted to amend the complaint prior to dismissal. (*Id.*)

The plaintiff's claims are patently barred by the statute of limitations, and no amendment would save them. The plaintiff's request, construed as a motion to amend his complaint in order to avoid dismissal, will be denied on that basis.

**(5)    Request for a Hearing**

The plaintiff asserts that dismissal of his complaint without affording him a hearing "offends due process." (ECF No. 34, at 5 (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).) In *Haines*, the Supreme Court held that a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," and that such a complaint should not be summarily dismissed at the pleading stage unless it "appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" 404 U.S. at 520–21 (quoting *Conley*, 355 U.S. at 45–46).

Because it appears beyond doubt in this instance, as discussed above, that the plaintiff indeed can prove no set of facts in support of his claim that would entitle him to relief, dismissal without a hearing does not offend due process. The motion for a hearing will be denied.

**(6)    Dismissal of the Prior Action**

As noted above, in February 2013, the plaintiff filed a complaint virtually identical to the present complaint (filed eight months later), except that the complaint in the Prior Action sought to recover damages under theories of fraud and violations of the plaintiff's constitutional rights. As the magistrate judge correctly concluded, "'[a] final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were *or could have been* raised in that action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 298 (1981) (emphasis in the original)). The doctrine of *res judicata* bars a subsequent action when (1) a court of competent jurisdiction has rendered a final decision in a prior suit; (2) the prior suit was between the same parties, or their privies, as the subsequent suit; and (3) the claims brought in the subsequent suit either were or could have been pursued in the prior suit. *Id.* (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). All three criteria are met here, and the current complaint is therefore barred by the doctrine of *res judicata*.

The plaintiff objects to the magistrate judge's finding that the present complaint is barred in its entirety by the doctrine of *res judicata* by asserting that the dismissal of the Prior Action was (or should have been) without prejudice, and that, in any event, the plaintiff should have been given leave to amend his complaint prior to entry of judgment in that action. The plaintiff's arguments, again, are unavailing.

First, regardless of whether the dismissal of the Prior Action was with or without prejudice,[1] the plaintiff cannot re-litigate the dismissal of the Prior Action in the context of the current action. His only recourse with regard to the Prior Action would have been to promptly contest the entry of judgment in that action and at the same time to seek to amend his complaint to assert whatever additional claims he believed he might have had. He did not do so and the window for doing so has closed, that action having been dismissed for failure to state a claim and the subsequent appeal dismissed for failure to prosecute.

Moreover, even if the Court could presume that the Prior Action was dismissed without prejudice and that the current complaint actually functions as a motion to amend the prior complaint, such a motion would nonetheless be denied because, as set forth above, it is beyond dispute that all the plaintiff's claims against SunTrust are barred by the statute of limitations. This is true even if the current complaint could be deemed to relate back to the filing date of the complaint in the Prior Action, because that complaint too was filed more than three years after the events that gave rise to the plaintiff's claims occurred. In other words, the plaintiff was not prejudiced by the Court's dismissal of the Prior Action without expressly granting leave to amend that complaint.

In sum, the magistrate judge did not err as a matter of fact or law in concluding that the plaintiff's claim against SunTrust is barred by *res judicata*.

## V.    CONCLUSION

For the reasons set forth herein, the Court will overrule the plaintiff's objections and accept the magistrate judge's recommended disposition of the defendant's motion to dismiss: The Court will grant the motion to dismiss on the grounds of *res judicata* and, alternatively, that the plaintiff's claims against

---

[1] Although the dismissal order did not specify whether the dismissal was with or without prejudice, the dismissal clearly functioned as a dismissal with prejudice. The court entered judgment against the plaintiff after the order of dismissal, and the plaintiff then sought to appeal the dismissal instead of challenging the entry of judgment and seeking to amend his complaint. *Cf. Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 845–46 (6th Cir. 2007) (finding that the district court's order of dismissal functioned as a dismissal with prejudice, even though the order expressly stated that the plaintiff's claims were dismissed without prejudice, because (1) the court entered a final judgment rather than giving the plaintiffs the opportunity to amend and re-file their complaint; and (2) the plaintiffs, rather than "attempting to amend their complaint or objecting to the district court's issuance of a judgment," signaled their intent to "'stand' on the dismissed complaint" (citing *Semerenko v. Cendant Corp.*, 223 F.3d 165, 172 (3d Cir. 2000) (noting that "a dismissal without prejudice is not a final and appealable order . . . unless the plaintiff can no longer amend the complaint or unless the plaintiff declares an intention to stand on the complaint as dismissed")).

SunTrust are barred in their entirety by the applicable statute of limitations. The complaint will be dismissed with prejudice. All other motions will be denied as moot.

An appropriate order is filed herewith.

_____
KEVIN H. SHARP
Chief Judge
United States District Court